UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HARRY C. BISHOP, III, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 10-19-P-S |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| | ) |
| Defendant | ) |

**ORDER DENYING MOTION TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>**
**and**
**RECOMMENDED DECISION**

Harry C. Bishop, an inmate at the Cumberland County Jail, has filed a complaint against Correctional Medical Services claiming a violation of his Eighth Amendment right to be free from cruel and unusual punishment based on the fact that a correctional officer named Clark pulverized his medication and Jason, the medication technician, allowed Clark to do this. Bishop does not indicate that he did not receive the medication, only that it had been pulverized by a correctional officer with the consent of the medication technician before being administered. Bishop has requested leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, but he provided a financial declaration that had neither a certified copy of his inmate trust account nor a certification from the jail authorities as to the amount in the account if no such statement was available at the institution. Bishop was warned that failure to provide the correct documentation could result in dismissal of his action for failure to prosecute. He was ordered to comply by February 4, 2010, but as of today's date has not filed anything. I now deny the motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and recommend dismissal of the case. However, even if Bishop had complied with my earlier order, I would recommend dismissal of this complaint at the screening stage because the complaint fails to state a claim.

**Discussion**

Assuming that Bishop had been granted leave to proceed in forma pauperis – and in the event that he complies with my order while this recommended decision is still pending -- his complaint is subject to screening pursuant to 28 U.S.C. § 1915A(a), which provides:

> (**a**) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (**b**) **Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (**1**) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (**2**) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a),(b).

In the context of medical treatment afforded to inmates, this claim depends on demonstrating "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). A clear case of deliberate indifference would exist if a serious medical need were ignored for the very purpose of inflicting punishment on a prisoner. See Feeney v. Corr. Med. Serv., Inc., 464 F.3d 158, 161-62 (1st Cir. 2006). But "wanton" acts can also suffice, where there is inaction despite "actual knowledge of impending harm, easily preventable." DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991). Mere inadvertence and negligence do not suffice to meet the constitutional threshold, but "[t]he requisite state of mind may be manifested by the officials' response to an inmate's known needs or by denial, delay, or interference with prescribed health care." Id. In sum, the claim has both an objective component and a subjective component. On the objective side, the deprivation of needed care must be sufficiently serious. On the subjective side, the state of mind

of the individual defendant must be such that a fact finder could fairly conclude that the deprivation arose from wanton disregard. Id. at 18.

Bishop's allegations, which describe the defendant's conduct as malpractice, do not allege a sufficiently harmful act or that any medical harm befell Bishop as a consequence of the pulverization on two occasions. As alleged in the allegations of Bishop's complaint, the decision to pulverize could have either been arbitrary and unnecessary or it could have been a consequence of a perceived medical need on the part of the medical personnel. See Ashcroft v. Iqbal, __ U.S. __129 S.Ct. 1937, 1950 -51 (2009). In any event, whatever the subjective component may have been, there are simply no allegations of serious harm such as would objectively portray this incident as anything other than a petty dispute.

## Conclusion

For the reasons above, I recommend that the action be dismissed without prejudice because of Bishop's failure to comply with my directive regarding filing the necessary documentation in support of his in forma pauperis motion. In the event that Bishop belatedly complies with my previous order by filing the requisite information, I recommend that pursuant to 28 U.S.C. § 1915A(a)(b) the Court dismiss this action with prejudice because it fails to state a claim against the defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (14) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (14) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                       /s/ Margaret J. Kravchuk
                                       U.S. Magistrate Judge

February 12, 2010.